## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| SUE HART, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 8:10-cv-2372 |
| vs. | ) |
| | ) |
| BUREAU OF COLLECTION | ) |
| RECOVERY, LLC, | )   **JURY DEMAND ENDORSED HEREON** |
| | ) |
|     Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, SUE HART, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, BUREAU OF COLLECTION RECOVERY, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Olney, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.

6. On information and belief, Defendant is a limited liability company of the State of Minnesota, which is licensed to do business in Maryland and which has its principal place of business in Eden Prairie, Minnesota.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about late December of 2009 or early January of 2010, Defendant's representatives and/or employees began contacting Plaintiff by telephone in an attempt to collect a debt allegedly owed by another individual, Patrick Golden, who is Plaintiff's co-worker.

8. The calls from Defendant's representatives and/or employees to Plaintiff continued repeatedly thereafter, including but not limited to January 14, 2010 at approximately 1:15 p.m.; January 18, 2010 at approximately 3:57 p.m.; January 25, 2010 at approximately 3:28 p.m.; January 26, 2010 at approximately 12:33 p.m.; January 28, 2010 at approximately 12:18 p.m.; February 1, 2010 at approximately 12:40 p.m.; and February 4, 2010 at approximately 12:49 p.m. The calls continued despite the fact that Plaintiff advised Defendant's representatives and/or employees that Golden could not be reached at the telephone number they were calling.

9. The aforementioned telephone calls continued despite the fact that Plaintiff repeatedly advised Defendant's representatives and/or employees that Golden could not be reached at the telephone number they were calling.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Communicating with a person other than the alleged consumer debtor more than once in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692b(3);

   b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5); and

   c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, SUE HART, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

### JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
mitch@luxenburglevin.com